UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS F. BANGASSER, an individual, and derivatively on behalf of Nominal Defendants MIDTOWN LIMITED PARTNERSHIP and MIDTOWN COMMUNITY LAND TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HUGH F. BANGASSER, an individual, K&L GATES, STEPHEN J. SIRIANNI, an individual, ANN E. MERRYFIELD, an individual, CHRIS R. YOUTZ, an individual, RICHARD E. SPOONEMORE, an individual, SIRIANNI YOUTZ SPOONEMORE HAMBURGER, DAVIS WRIGHT TREMAINE LLP, and GREGORY FRANKLIN ADAMS, an individual,<br><br>Defendants, | CASE NO. C19-66 RAJ<br><br>ORDER |

This matter comes before the Court upon the Defendants' Joint Motion to Dismiss. Dkt. # 12. Plaintiffs have opposed, and Defendants have filed a Reply. Dkt. ## 15, 16.[1] For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

I. BACKGROUND

This lawsuit arises from a family dispute over real property located in the heart of Seattle's Central District. Plaintiff Midtown Limited Partnership, comprised of five sibling partners which include Plaintiff Thomas Bangasser and his brother Hugh Bangasser, owned real property in Seattle's Central District, which it sold in May 2017. Dkt. # 13, Exs. A, C. Plaintiff's Complaint alleges the following facts, in full:

> On December 22, 2014, the Union Street Business Association made a $30 million offer to purchase the real estate owned by MidTown Limited Partnership. The subject property is the entire south-east corner city block (2.44 acres) in Seattle's historically black neighborhood at 23rd & East Union. Plaintiff MidTown Community Land Trust ("MCLT") is the successor organization of Union Street Business Association and AfricaTown Community Land Trust. Plaintiff Thomas F. Bangasser sold/gifted 6 of his 12 MidTown Partnership units to MCLT (a 10.7% ownership in MidTown). Defendants have refused to recognize MCLT as an owner and have withheld from [sic] more than $1.5 million for more than a year while paying themselves excessive legal and consulting fees from MidTown.

Dkt. # 4 at 5. This lawsuit, filed January 2019, represents the latest in a long legal battle dating back to September 2015, spanning two cases in King County Superior Court, a case in this District before Judge Coughenour, and a case before the Washington Court of Appeals. *See* Dkt. # 13, Exs. B-L. Plaintiffs' current lawsuit is directed at his brother and the attorneys who have previously advocated against him. Dkt. # 4. Plaintiffs seek to recover "losses suffered as a result of Defendants breaches of the Rules

---

[1] Plaintiffs have also filed a Surreply (Dkt. # 17) but did file a notice of such and did not request to strike any material in Defendants' Motion, as required by this District's Local Rules. *See* W.D. Wash. Local Civil Rule 7(g). The Court will accordingly not consider this Surreply.

ORDER- 2

of Professional Conduct and their fiduciary duties to Plaintiff and the nominal Defendants." Dkt # 4 at 8.

## II. DISCUSSION

Defendants have moved to dismiss this case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Plaintiffs Fail to Show Subject Matter Jurisdiction**

Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Plaintiffs allege that the jurisdictional basis for this lawsuit is federal question jurisdiction. Dkt. # 4 at 3. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or

'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quotation omitted). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiffs list the following as bases for federal question jurisdiction: "Segregation towards Seattle's African American community and historic black neighborhood; Lawyer conflict of Interest; abuse of due process rights; violation of contract right to arbitration. Judicial bias and prejudice." Dkt. # 4 at 3. None of these listed reasons are sufficient to confer federal question jurisdiction. Plaintiffs fail to identify any federal statute, constitutional provision, or other authority that would confer subject matter jurisdiction in this case. Moreover, even accepting the allegations of Plaintiffs' Complaint as true, there is no apparent jurisdictional basis for what appear to be primarily state law breach of contract or breach of fiduciary duty claims.[2] Aside from a vague reference to unidentified "due process rights," there is no indication that any of these claims, which are not alleged against any governmental entity, would necessarily turn on some construction of federal law.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendants' Motion to Dismiss is **GRANTED**.

**B. The Court Grants Plaintiffs Leave to Amend**

Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank*

---

[2] The Complaint also appears to be an attempted collateral attack on previous rulings from state court and Judge Coughenour, though the precise nature of this collateral attack in unclear from Plaintiffs' Complaint.

*N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*. Here, the Court is extremely skeptical that Plaintiffs can overcome the jurisdictional deficiencies in his Complaint. Nonetheless, in considering Plaintiff's *pro se* posture, the Court will afford Plaintiffs one opportunity to amend the Complaint to cure the deficiencies identified above. **Plaintiffs shall file their amended pleading no later than two weeks after the date of this Order**. If Plaintiffs fail to adequately allege subject matter jurisdiction, or if Plaintiffs fail to file an amended pleading by this deadline, this Court will dismiss this action with prejudice either *sua sponte* or by motion.[3]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.** Dkt. # 12. Plaintiffs shall file an amended pleading within two weeks of the date of this Order; otherwise, the Court will dismiss this case with prejudice.

Dated this 7th day of June, 2019.

The Honorable Richard A. Jones
United States District Judge

---

[3] Because the Court is granting Plaintiffs an opportunity to amend the Complaint to adequately allege subject matter jurisdiction, it will **DENY** Defendants' request for attorney's fees **WITHOUT PREJUDICE**. The Court may revisit this issue in the future.