UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS F. BANGASSER, an individual, and derivatively on behalf of Nominal Defendants MIDTOWN LIMITED PARTNERSHIP and MIDTOWN COMMUNITY LAND TRUST,<br><br>               Plaintiffs,<br><br>   v.<br><br>HUGH F. BANGASSER, et al.,<br><br>               Defendants, | CASE NO. C19-66 RAJ<br><br>ORDER |

This matter comes before the Court *sua* sponte, and on this Court's Order dismissing Plaintiff's Complaint with leave to amend. Dkt. # 21. For the reasons set forth below, the Court **DISMISSES** Plaintiff's Amended Complaint without prejudice.

## I. DISCUSSION

In January 2019, Plaintiff, on behalf of himself an "on behalf of nominal defendants," filed this lawsuit against his brothers and various attorneys associated with his long-running legal battle. Dkt. # 1. Defendants moved to dismiss for lack of subject

matter jurisdiction, and the Court granted Defendants' motion.  Dkt. # 21.  The Court gave Plaintiff a chance to amend to amend his Complaint to allege a proper basis for subject matter jurisdiction.  *Id*. at 4-5.  The Court warned Plaintiff that if he failed to adequately allege a basis for subject matter jurisdiction, this Court would "dismiss this action with prejudice either *sua sponte* or by motion."  *Id*.

On June 21, 2019, Plaintiff filed his "Amended and Supplemental Complaint Addressing the Jurisdiction Issue and Request to Join Additional Necessary Parties." Dkt. # 22.  In this pleading, Plaintiff also seeks to join four additional defendants: the American Bar Association, the Washington Bar Association, the King County Bar Association, and Judge Theresa B. Doyle.  *Id*. at ¶ 2.  Despite the indications of the title, this amended pleading still fails to allege a proper basis for subject matter jurisdiction. Diversity jurisdiction is still lacking, and the only potential reference to any federal law is Plaintiff's odd allegation that Defendants paid themselves legal fees "in violation of Plaintiff's rights under the 8th Amendment of the Bill of Rights."  *Id*. at ¶ 4.  Plaintiff fails to show how this alleged Eighth Amendment violation applies to any of the breach of contract or fiduciary duty claims alluded to in his previous filings. Plaintiff also does not explain how this claim applies to Defendants, who are all non-governmental actors, and how he can claim Eighth Amendment violations when he has seemingly not been convicted of a crime.  *See Ingraham v. Wright,* 430 U.S. 651, 668–69 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 n.1 (9th Cir. 1986) ("The Supreme Court has held that the eighth amendment protects only those who have been convicted of a crime.").  This vague reference is thus not a proper basis for subject matter jurisdiction.

The Court thus finds, again, that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.  Additionally, Plaintiff has failed to comply with Federal Rule of Civil Procedure 8.  To comply with Rule 8, Plaintiff must plead a short

and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Accordingly, Plaintiff must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Penne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). Plaintiff's Amended Pleading fails to do so, as the Court has great difficulty determining what cognizable claims, if any, Plaintiff asserts against Defendants.

Although Plaintiff is proceeding pro se, given his inability to successfully state a claim or any proper jurisdictional basis, and his multiple failed attempts to assert such claims in other litigations, the Court will **DISMISS** his Amended Complaint. Although it is a close call, the Court will do so **WITHOUT PREJUDICE**. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this matter without prejudice.

Dated this 28th day of June, 2019.

*Richard A Jones*
_____
The Honorable Richard A. Jones
United States District Judge