THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS F. BANGASSER, an individual, and derivatively on behalf of Nominal Defendants MIDTOWN LIMITED PARTNERSHIP and MIDTOWN COMMUNITY LAND TRUST,

Plaintiffs,

v.

HUGH F. BANGASSER, an individual, K&L GATES, STEPHEN J. SIRIANNI, an individual, ANN E. MERRYFIELD, an individual, CHRIS R. YOUTZ, an individual, RICHARD E. SPOONEMORE, an individual, SIRIANNI YOUTZ SPOONEMORE HAMBURGER, DAVIS WRIGHT TREMAINE LLP, and GREGORY FRANKLIN ADAMS, an individual,

Defendants,

CASE NO. C19-66 RAJ

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

ORDER - 1

This matter comes before the Court on Defendants' Motion for Attorneys' Fees. Dkt. # 26. For the reasons set forth below, the Court **DENIES** Defendants' Motion.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Defendants first argue that attorneys' fees are appropriate under 28 U.S.C. § 1927 because of Plaintiff's unreasonable proliferation of this litigation. *See* Dkt. # 26 at 3. Under 28 U.S.C. § 1927, any litigant who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay excess costs, expenses and attorneys' fees incurred as a result of that conduct. 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). While sanctions would act as a deterrent against future attempts by Plaintiff to bring this lawsuit again, the Court finds that there is insufficient evidence to support a finding of bad faith in these proceedings. However, the Court strongly cautions Plaintiff against further efforts to bring this action in federal court without a reasonable basis for jurisdiction.

Next, Defendants contend that they are entitled to attorneys' fees under the Partnership Agreement at issue in this case which grants the "prevailing party" reasonable attorneys' fees in any litigation arising from the Agreement. Dkt. # 26 at 3; Dkt. # 27, Ex. H. The Court disagrees. In the context of awarding attorneys' fees to a "prevailing party," the Ninth Circuit has stated that a dismissal without prejudice does "not confer prevailing party status upon [a party]." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). Here, the Court dismissed Plaintiff's complaint *without prejudice*, citing a lack of subject matter jurisdiction. Dkt. # 24. In addition, the fact that the Court lacks jurisdiction over this action expressly precludes it from making any determination regarding the merits of the underlying claims. *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 904 (N.D. Cal. 2005). Indeed, the Court's dismissal for lack of jurisdiction in federal court does not foreclose the possibility that

ORDER - 2

Plaintiff may succeed on its claims in state court. As such, the "prevailing party" provision of the Partnership Agreement does not apply.

Finally, Defendants argue that Plaintiff has willfully abused the judicial process and may be sanctioned under Fed. R. Civ. P. 11. Under Rule 11, a court may impose an appropriate sanction on a party that has presented to the court a written motion for any improper purpose. Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions are not justified in this case. *See* Fed. R. Civ. P. 11(c)(1). Although the Court is sympathetic to Defendants' frustration in the delays caused by Plaintiff's actions, the Court declines to issue sanctions on Plaintiff for bad faith or willful abuse of the judicial process.

For the foregoing reasons, Defendants' Motion for Attorneys' Fees is **DENIED**. Dkt. # 26.

Dated this 3rd day of December, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3